**JAMES MCKIERNAN, ESQ., #55913**
*james@mckiernanlaw.com*
**MICHAEL R. PICK JR., ESQ., #234700**
*mpick@mckiernanlaw.com*
**JAMES MCKIERNAN LAWYERS**
21 Santa Rosa Street, Suite 300
San Luis Obispo, CA 93405
(805) 541-5411 - ☏
(805) 544-8329 - FAX

Attorney for Defendant,
MARIA T. MEDINA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, a Maryland Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARIA T. MEDINA; MARISELA MEDINA, as Administrator of the ESTATE OF ARMANDO MEDINA SR., deceased; and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO: CV11-10793MMM(FFMx)<br><br>**AMENDED STIPULATED JUDGMENT IN INTERPLEADER** |

Upon reading the Stipulation and Order for Entry of Judgment in Interpleader submitted by and between plaintiff Fidelity and Guaranty Life Insurance Company ("Fidelity") and defendants Maria T. Medina and Marisela Medina, individually and as the pending administrator of the Estate of Armando Medina, Sr. (hereinafter both defendants referred to collectively as "Defendants") (hereinafter Defendants and Fidelity referred to collectively as "the Parties"), and it appearing that Fidelity has properly brought this action in interpleader, that this Court has jurisdiction of the parties and of the subject herein, and that good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That Fidelity properly filed its complaint in interpleader on December 29, 2011 and this is a proper cause for interpleader by and between the Parties, and that Defendants hereby consent to the jurisdiction of this Court in this matter;

2. That on or about November 22, 2004, Fidelity issued the term life insurance policy, number L0255150 ("the Policy"), insuring the life of Armando Medina, Sr. ("decedent") in the amount of $358,150.00;

3. That Defendant Maria T. Medina (hereinafter "Maria") was designated the 100% primary beneficiary on the decedent's application, with no contingent beneficiary listed;

4. That on or about July 12, 2009, decedent and Maria were divorced;

5. That decedent died on August 5, 2011;

6. That at the time of decedent's death, decedent was married to Defendant Marisela Medina (hereinafter "Marisela");

7. That at the time of decedent's death, Maria was beneficiary of the Policy;

8. That after decedent's death, by letter dated September 7, 2011, attorney Shannon M. Bio of Frederick Law Firm ("FLF") notified Fidelity that FLF had been retained by Marisela to handle the probate of decedent's estate;

9. That in her September 7, 2011 letter to Fidelity, Ms. Bio contended that Maria agreed to waive any rights or interest in any life insurance policies in effect on the date of dissolution of her marriage to decedent;

10. That Fidelity subsequently received a letter dated September 28, 2011, from attorney James McKiernan, counsel for Maria, requesting that Fidelity not distribute the Policy proceeds to decedent's pending probate estate;

11. That in his September 28, 2011 letter, Mr. McKiernan asserted that, under California law, the divorce decree waiver by Maria did not function as an automatic revocation, changing of beneficiaries, and that the matter was further complicated by decedent's failure to disclose the existence of the Policy during divorce proceedings with Maria;

12. That Fidelity subsequently received a letter dated October 5, 2011 from attorney James McKiernan again requesting that Fidelity not distribute the Policy proceeds to decedent's probate estate;

13. That in his October 5, 2011 letter, Mr. McKiernan asserted that a peremptory distribution of the life insurance proceeds to the Armando Medina probate estate could amount to actionable bad faith, exposing Fidelity to general, special and punitive damages;

14. That Defendants hold adverse claims to the proceeds of the Policy;

15. That in view of the potentially adverse claims, Fidelity filed the instant interpleader action on December 29, 2011;

16. That after filing the interpleader complaint, Fidelity deposited with the Clerk of the Court, the sum of $362,329.61, representing the death benefit of $358,150, plus interest of $4,179.61, which total sum Fidelity admits to be due and owing under the Policy by reason of the decedent's death;

17. That after Fidelity filed the interpleader complaint, Andrew Medina, decedent's son, objected to the appointment of Marisela as the administrator of decedent's probate estate; and instead sought to have himself appointed the administrator of decedent's probate estate;

18. That thereafter Defendants and Andrew Medina entered into negotiations as to the distribution of the Policy proceeds, and that having reached an agreement between themselves as to the distribution of the Policy proceeds, fully and forever release, discharge, and acquit Fidelity its predecessors, successors, affiliates, parent corporation, officers and agents

from any liability of any kind or nature whatsoever under the Policy or by reason of the death of the decedent as to any and all claims, charges, demands, or otherwise that exist now or may arise at any time in the future;

19.    That Fidelity is entitled to costs in the amount of $898.89 payable from the Policy proceeds and said payment shall be made payable to "Fidelity and Guaranty Life Insurance Company," C/O Shivani Nanda, Esq., WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 525 Market Street, 17th Floor, San Francisco, CA 94105;

20.    That the balance of said funds shall be made payable to Maria; which funds shall be forwarded to: "Maria T. Medina" C/O JAMES MCKIERNAN LAWYERS, 21 Santa Rosa Street, Suite 300, San Luis Obispo, CA 93405;

21.    That Defendants and/or their heirs, successors, predecessors, assigns, are permanently enjoined from instituting or prosecuting any proceeding in any State, or United States Court against Fidelity, its predecessors, successors, subsidiaries, affiliates, parent corporation, officers, employees and/or agents, with respect to term life insurance policy, number L0255150; and

22.    That Fidelity, its predecessors, successors, subsidiaries, affiliates, parent corporation, officers, employees and/or agents, are discharged from all liability to Defendants in this action or under term life insurance policy, number L0255150.

Dated: May 10, 2012    By:    *[signature: Margaret M. Morrow]*
                                HONORABLE MARGARET M. MORROW
                                UNITED STATES DISTRICT JUDGE